LOTTINGER, Judge.
This is an appeal in a suit to nullify an act of sale on the grounds of lesion beyond moity and that the vendor was incapable of handling her affairs at the time of the sale. From a judgment nullifying the sale, the defendant, Willie B. Coats has perfected this appeal.
The record points out that on December 16, 1966, Alma Coats sold to her brother, Willie B. Coats, for the sum of $100 and other good and valuable consideration, the following described property, to-wit:
A certain tract or parcel of ground being designated as Lot No. 8 of a subdivi *86 sion of the Coats Estate in Section 24, T 7 S, R 6 E, of the Parish of Livingston, State of Louisiana, as shown on the map by C. M. Moore, Reg. C. E. and Surveyor, dated May 13, 1944, and recorded in Book 60, Page 562 of the official records of Livingston Parish, said lot containing 22.80 acres.
Less and except therefrom 2.52 acres sold by Alma Coats and less and except approximately 6 acres sold to Curtis Dale Gunn and Jane Pardue Gunn on June 2, 1965, and recorded in COB 112, Page 678.
the other good and valuable consideration with the right of vendor to live on the property until her death.
On June 23, 1967, Alma Coats was adjudged an interdict by the 21st Judicial District Court. This proceeding to annul the act of sale was brought after the interdiction, by the curator, and made mention of the interdiction in the petition. The Trial Court gave no written reasons for judgment, and therefore, we know not whether the Trial Court’s decision was based on lesion or incapacity in order to annul the sale.
The doctor who examined Alma Coats in the interdiction proceeding testified that he examined her on January 26, 1967, approximately one month after the execution of the sale in question. The doctor found Alma Coats to be 80 years old, in good general health but suffering from chronic brain syndrome, the type that follows failing blood supplies due to arteriosclerosis. He further stated that he felt this advanced state of senility was sufficient to make her unreliable insofar as matters of business or current events were concerned. He did not feel that she was capable of carrying out financial or other responsibilities. The doctor testified that in his opinion, Alma Coats’ condition was not something to develop suddenly, but rather over a period of time. For that reason, and in the absence of a stroke, she would have been in the same condition on December 16, 1966, the date of the sale.
The appellant, Willie B. Coats, contends that no proof of interdiction was placed in the record, and this is a requirement in order to attack the validity of the sale. In the petition to have the sale nullified, the petitioner addresses herself as “the curator of Miss Alma Coats who was declared an interdict by judgment of this Honorable Court dated June 23, 1967.” The petition further makes mention that at the time of the sale, Alma Coats was incapable of taking care of her person or administering her estate because of her advanced age.
In answering the petition, Willie B. Coats denied for a lack of information to justify a belief of the fact that petitioner was the curator of and that Alma Coats had been declared an interdict. From what we can find in the record of this proceeding, it is apparent that this matter was submitted to the Court and the pleadings as well as two depositions, one of which was a doctor who had examined Alma Coats in the interdiction proceeding.
We are of the opinion that the Trial Court was correct in its decision. The petitioner made mention of the interdiction, and though generally denied in the answer, we feel that there is no question that Alma Coats had been interdicted, or at least a petition for interdiction had been filed when this suit was instituted. Without question, the doctor’s testimony is convincing in that Miss Coats did not have the proper capacity at the time of the act of sale.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by the appellant.
Judgment affirmed.